UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EUGENE WILLIE SEREAL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-265 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Defendant. | § | |

# **MEMORANDUM AND ORDER**

Petitioner Eugene Willie Sereal (TDCJ #1565506) challenges his state court conviction under 28 U.S.C. § 2254.  Respondent filed a motion to dismiss for failure to exhaust state court remedies. (DE 10).  Based on careful consideration of the petition, the motion to dismiss, the response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this petition without prejudice for failure to exhaust.

Petitioner was convicted of possession of cocaine with two enhancements on February 13, 2009, and sentenced to a sixty-five year term of imprisonment. On March 3, 2010, the state court of appeals affirmed the conviction and sentence. *Sereal v. State*, No. 01-09-00192-CR (Tex.App.— Houston [1st Dist.] 2011, pet. ref'd).  The Texas Court of Criminal Appeals (TCCA) denied discretionary review on September 14, 2011. Petitioner did not file a petition for certiorari with the United States Supreme Court.  The AEDPA limitations period therefore began to

run on December 13, 2011, the date when the ninety-day deadline for filing a petition for certiorari in the Supreme Court expired. *See Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004). Petitioner timely filed this federal petition on September 14, 2012.

The federal petition raises claims of ineffective assistance of trial and appellate counsel; denial of a fair trial; prosecutorial error; and insufficient evidence. In his petition for discretionary review of the court of appeals ruling denying his direct appeal, petitioner raised only the insufficient evidence claim. That remains the only claim on which he seeks federal habeas relief that the Texas Court of Criminal Appeals has considered. Although petitioner filed an application for state habeas relief on January 3, 2012, the Court of Criminal Appeals dismissed that application on March 21, 2012 because it was filed when the direct appeal was still pending (the mandate did not issue until February 3, 2012).

Under 28 U.S.C. § 2254, a petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995); 28 U.S.C. §§2254(b)(1), (c). This means that petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only when there is an absence of

available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. §§ 2254(b)(1)(B).

A federal district court has discretion to stay a mixed federal habeas petition (one that contains both exhausted and unexhausted claims) to allow a petitioner to exhaust all claims in state court if (1) the petitioner has good cause for his failure to exhaust, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that petitioner engaged in intentionally dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court recognized that a situation might arise in which a prisoner who diligently and in good faith tried to exhaust state remedies, found his federal claims time-barred because a ruling on his state petition was delayed. In such situations, the Supreme Court suggested that a prisoner

> might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.

*Id.* *Pace* does not support applying *Rhines* to all unmixed petitions, but rather only to those limited circumstances in which a petitioner seeks to preserve his opportunity for federal habeas review because his federal claim might otherwise be time-barred due to reasonable confusion about state filing requirements.

Petitioner presents several arguments in support of his contention that he is entitled to a stay and abeyance. The arguments fail, however, to support a finding that he exercised diligence in pursuit of his federal habeas remedies. Petitioner did not refile his state habeas application after its dismissal on March 21, 2012, and he did not seek relief in federal court for an additional six months after becoming aware of the state court dismissal. Now petitioner seeks a stay and abeyance because he fears he may not be able to refile his federal petition (after state exhaustion) within the remaining limitations window. As stated in *Pace*, "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. Petitioner may have been entitled to a stay had he diligently resubmitted his state application and filed a "protective" federal petition soon thereafter. Because petitioner instead took no action in either state or federal court for six months, he has not presented appropriate grounds for issuance of a stay and abeyance under *Rhines* and *Pace*.

The motion to dismiss is **GRANTED** and this case is **DISMISSED** without prejudice for failure to exhaust.  A Certificate of Appealability is **DENIED**.

The Clerk shall terminate all pending motions, if any.

It is so **ORDERED.**

SIGNED this 19th day of August, 2013.

_____
Gregg Costa
United States District Judge